# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BYRON JONES,** | : | Civil No. 3:15-CV-1388 |
| **Plaintiff,** | : | |
| v. | : | **(Judge Caputo)** |
| **WARDEN J.E.THOMAS, et al.,** | : | **(Magistrate Judge Carlson)** |
| **Defendants.** | : | |

## MEMORANDUM AND ORDER

The background of this order is as follows:

The plaintiff, a federal prisoner who is proceeding *pro se*, commenced this action by filing a civil complaint with the United States District Court for the Western District of Pennsylvania. (Doc. 12.) Following the transfer of the case to this court, the defendants moved to dismiss this complaint. (Doc. 31.) In conjunction with his response to the motion to dismiss, the plaintiff has sought leave to file an amended complaint, (Doc. 38), and tendered a proposed amended complaint to the court. (Doc. 39.)

We agree that the plaintiff should be entitled to amend his complaint in response to this motion to dismiss since Rule 15(a) of the Federal Rules of Civil Procedure, which governs amendment of pleadings strongly favors amendment of

1

pleadings, and provides that such leave to amend should be liberally granted "when justice so requires." Fed. R. Civ. P. 15(a)(2).

Accordingly, IT IS ORDERED as follows:

1. The plaintiff's motion for leave to amend (Doc. 38) is GRANTED and the clerk is directed to file the plaintiff's proposed amended complaint (Doc. 39), as the amended complaint in this action. All further proceedings shall be conducted based upon the averments set forth in this amended complaint.

2. We believe that this development has substantive significance for the parties with respect to the initial motion to dismiss the original complaint filed in this case (Doc. 31) since, as a matter of law, an amended complaint takes the place of the original complaint, effectively invalidating the original complaint. Crysen/Montenay Energy Co. v. Shell Oil Co. (In re Crysen/Montenay Energy Co.), 226 F.3d 160, 162 (2d Cir. 2000) ("[A]n amended pleading ordinarily supersedes the original and renders it of no legal effect"); see 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure § 1476 (2d ed. 1990) ("A pleading that has been amended … supersedes the pleading it modifies…. Once an amended pleading is

interposed, the original pleading no longer performs any function in the case…."). Since the complaint in this case is amended, the original complaint is now a nullity, and any motion to dismiss challenging a count contained in that original complaint is moot. Therefore, we will DISMISS the pending motion to dismiss the plaintiff's original complaint (Doc. 31) without prejudice to renewal of a motion to dismiss the amended complaint now filed in this case. (Doc. 39.)

3. Pursuant to the Standing Order of this Court filed <u>In re: Certain Matters Pending Before the Court</u>, Misc. No.1:18-MC-729, further proceedings in this case which involves officers and agencies of the United States Government are STAYED pending further order of the court.

SO ORDERED, this 18th day of January 2019.

<u>/s/ Martin C. Carlson</u>
Martin C. Carlson
United States Magistrate Judge