# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| BYRON JONES, | : | Civil No. 3:15-CV-1388 |
| --- | --- | --- |
| Plaintiff, | : | |
| v. | : | (Judge Caputo) |
| WARDEN J.E.THOMAS, et al., | : | (Magistrate Judge Carlson) |
| Defendants. | : | |

## MEMORANDUM AND ORDER

The background of this order is as follows:

The plaintiff, a federal prisoner who is proceeding *pro se*, commenced this action by filing a civil complaint with the United States District Court for the Western District of Pennsylvania. (Doc. 12.) Following the transfer of the case to this court, the defendants moved to dismiss this complaint. (Doc. 31.) In conjunction with his response to the motion to dismiss, the plaintiff has sought leave to file an amended complaint, (Doc. 38), and tendered a proposed amended complaint to the court. (Doc. 39.)

We granted Jones leave to amend, agreeing that the plaintiff should be entitled to amend his complaint in response to this motion to dismiss since Rule 15(a) of the Federal Rules of Civil Procedure, which governs amendment of pleadings strongly

1

favors amendment of pleadings, and provides that such leave to amend should be liberally granted "when justice so requires." Fed. R. Civ. P. 15(a)(2).

The plaintiff now seeks leave to include all of his claims in a single consolidated complaint. (Doc. 49.) This request is GRANTED and on or before March 4, 2019, the plaintiff shall file a single consolidated complaint in this case. However, we instruct the plaintiff that this "amended complaint must be complete in all respects. It must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed." Young v. Keohane, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992). See e.g., Biggins v. Danberg, No. 10-732, 2012 WL 37132 (D.Del. Jan. 6, 2012); Quirindongo v. Federal Bureau of Prisons, No. 10-1742, 2011 WL 2456624 (M.D. Pa. June 16, 2011). Therefore, in amending this complaint, the plaintiff's amended complaint must recite factual allegations which are sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation, contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), set forth in averments that are "concise, and direct," Fed. R. Civ. P. 8(e)(1), and stated in separately numbered paragraphs describing the date and time of the events alleged, and identifying wherever possible the participants in the acts about which the plaintiff complains. This complaint must be a new pleading which stands by itself as an adequate

complaint without reference to any other pleading already filed. <u>Young v. Keohane,</u> 809 F. Supp. 1185, 1198 (M.D. Pa. 1992). The complaint should set forth plaintiff's claims in short, concise and plain statements, and in sequentially numbered paragraphs. It should name proper defendants, specify the offending actions taken by a particular defendant, be signed, and indicate the nature of the relief sought. Further, the claims set forth in the complaint should arise out of the same transaction, occurrence, or series of transactions or occurrences, and they should contain a question of law or fact common to all defendants. The Court further places the plaintiff on notice that failure to comply with this direction may result in the dismissal of this action pursuant to Rule 41 of the Federal Rules of Civil Procedure. The Court also notifies the plaintiff that, as a litigant who has sought leave to proceed *in forma pauperis,* his complaint may also be subject to a screening review by the Court to determine its legal sufficiency. See 28 U.S.C. § 1915(e)(2)(B)(ii).

IT IS FURTHER ORDERED that the stay previously entered in this case is LIFTED and the defendants hall respond to the amended complaint in accordance with the Federal Rules of Civil Procedure.

SO ORDERED, this 4th day of February 2019.

*/s/ Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge
