# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BYRON JONES, | : |
| Plaintiff | : |
| | : CIVIL NO. 3:15-CV-1388 |
| v. | : |
| | : (Judge Caputo) |
| WARDEN J.E. THOMAS, *et al.*, | : |
| Defendants | : |

# M E M O R A N D U M

Presently before the Court is Defendants' motion to dismiss Mr. Jones' Amended Complaint due to his failure to pay the filing fee in this case or receive permission from the Court to proceed *in forma pauperis*. (ECF No. 57.) For the following reasons, the Court will grant Defendants' motion and direct Mr. Jones to pay the $400 filing fee or file the appropriate documents seeking *in forma pauperis* status.

## I.  Procedural Background

In December 2014, while housed at the prison camp on the grounds of FCI-Loretto, Mr. Jones filed a *Bivens* action[1] in the United States District Court for the Western District of Pennsylvania. (ECF No. 1-3.) In his Complaint Mr. Jones alleged that seven individuals employed at USP-Lewisburg conspired, harassed, intimidated, and retaliated

---

[1] A "*Bivens* action" is a commonly used phrase for describing a judicially created remedy allowing individuals to seek damages for unconstitutional conduct by federal officials. This constitutional tort theory was set out in *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).

against him after he filed administrative remedies. He also claimed two FCI-Loretto employees improperly removed him from his job and denied him an emergency furlough after placing him in "FRP refuse status." (*Id*.) Mr. Jones filed an application to proceed *in forma pauperis* as well as an Authorization allow prison officials to withdraw funds from his prison account to pay the filing fee. (ECF Nos. 1-1, 3, and 5.) On February 2, 2015, the Court granted Mr. Jones' motion to proceed *in forma pauperis* and proceeded to screen the Complaint. (ECF No. 6.)

On June 4, 2015, by Report and Recommendation, Chief Magistrate Judge Maureen P. Kelly recommended severing and transferring the claims against the USP-Lewisburg to this Court. (ECF No. 15.) On July 8, 2015, District Judge Kim R. Gibson adopted the unopposed Report and Recommendation and transferred all claims against the USP-Lewisburg defendants to this Court. (ECF No. 17.)

On November 9, 2015, the Honorable Judge Conaboy directed service of the Complaint on the USP-Lewisburg defendants noting that "[a]n *in forma pauperis* application filed by Plaintiff was previously granted by the Western District." (ECF No. 23.) Defendants then moved to dismiss the Complaint based on Mr. Jones' failure to obtain leave to proceed *in forma pauperis* from the Court or pay the filing fee in this matter. (ECF No. 31.) Defendants also sought a stay of proceedings pending the disposition of their motion to dismiss. (ECF No. 32.)

In April 2016 Mr. Jones requested legal advice from the Clerk of Court as to whether he needed to pay a second filing fee based on the Western District's transfer of claims against the USP-Lewisburg defendants to this Court. (ECF No. 35.) On December 9, 2016, the Clerk of Court's Office sent Mr. Jones an application to proceed *in forma*

*pauperis* and Authorization form. (ECF No. 41.) In late 2018, this matter was reassigned to the undersigned and Magistrate Martin C. Carlson. (ECF No. 47.)

In January 2019, Magistrate Judge Carlson dismissed Defendants' motion to dismiss without prejudice but stayed the proceedings after Mr. Jones filed an Amended Complaint. (ECF Nos. 39 and 48.) Mr. Jones then clarified to the Court that his recent filing was a supplement to his original complaint. (ECF No. 49.) On February 4, 2019, the Court lifted the stay and directed Mr. Jones to file a single all-inclusive amended complaint. (ECF No. 50.) Mr. Jones filed an Amended Complaint on February 28, 2019, naming the original Defendants and several new Defendants. (ECF No. 51.) Following service of the new Defendants, the Defendants filed a motion to dismiss the Amended Complaint again raising Mr. Jones' failure to pay the filing fee in this matter or receive permission from the Court to proceed *in forma pauperis*. (ECF No. 57.) Defendants also refiled their motion to stay the proceedings pending their motion to dismiss. (ECF No. 59.) The Court granted Defendants' motion to stay on June 11, 2019. (ECF No. 61.)

To date, Mr. Jones has not filed a brief in opposition to Defendants' motion to dismiss. He has not paid the filing fee or sought leave to proceed *in forma pauperis* in this matter. Also, the Court notes that the Bureau of Prisons released Mr. Jones from custody on October 11, 2019. *See https://www.bop.gov/inmateloc/* (Find by Number, search 09702-058; last visited December 6, 2019). Mr. Jones' last known address was in Brooklyn, New York. (ECF No. 56.)

**II.    Discussion**

Pursuant to 28 U.S.C. § 1914, "[t]he clerk of each district court shall require the parties institution any civil action, suit or proceeding in court, whether by original process, removal or otherwise, to pay a filing fee of $350, except that on application for a writ of habeas corpus the filing fee shall be $5." 28 U.S.C. § 1914(a). A complaint is "lodged" but not "filed" with the Court until the plaintiff either pays the filing fee or has received permission to proceed *in forma pauperis*. *Brown v. Sage*, 941 F.3d 655, 662 (3d Cir. 2019).

The Prison Litigation Reform Act (PLRA) requires all prisoners who bring a civil action to pay the full filing fee.[2] *See* 28 U.S.C. § 1915(b)(1). Thus, to proceed with a civil action, a prisoner-plaintiff must pay the $400.00 filing fee or request leave to proceed *in forma pauperis* and submit the affidavit and trust account statement required by 28 U.S.C. § 1915(a). An indigent prisoner granted leave to proceed *in forma pauperis* still must pay the filing fee, but in installments. The amount of the initial payment depends on the average deposits to and balance in the prisoner's account at the time of filing the action. The PLRA provides:

> The court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of—
>
> (A)  the average monthly deposits to the prisoner's account; or

---

[2] As of May 1, 2013, plaintiffs who submit the $350.00 statutory filing fee will also be assessed a $50.00 administrative fee. The $50.00 filing fee does not apply to persons granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915. Therefore, if *in form pauperis* status is granted, the Plaintiff will be responsible to pay $350.00. However, if *in forma pauperis* status is denied, the Plaintiff will be required to pay $400.00.

> (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.

28 U.S.C. § 1915(b)(1). The remainder of the filing fee is to be pain in monthly installments. The statute provides:

> After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1916(b)(2).

Here, the Western District of Pennsylvania split Mr. Jones' single Complaint against USP-Lewisburg defendants and FCI-Loretto defendants into two separate lawsuits. It severed the claims against the USP-Lewisburg officials and transferred that portion of his original Complaint to this Court. As noted above, pursuant to 28 U.S.C. § 1914(a), Mr. Jones is required to pay a separate filing fee if he seeks to pursue this action. See *In re Diet Drugs*, 325 F. Supp.2d 540, 542 (E.D. Pa. 2004) ("We view the payment of a [ ] filing fee for every severed and amended complaint not only as just but as mandated by § 1914(a). We do not read § 1914(a) to bestow a free ride on misjoined or misjoining plaintiffs."). As Defendants correctly note, the Court has not granted Mr. Jones *in forma pauperis* in this matter and he has he paid the $400 filing fee.[3] Accordingly, his Amended Complaint, though before the Court, it is not yet "filed" with the Court. *Brown, supra*.

---

[3] The Court notes that this issue was overlook by the Court, not Plaintiff. Nonetheless, it must be resolved prior to proceeding further in this matter.

Mr. Jones must pay a separate filing fee in this matter.  He may pay the $400 filing fee or seek *in forma pauperis* standing.  As Mr. Jones filed this action while incarcerated, the PLRA governs his *in forma pauperis* status application even though he is no longer in custody.  See *Drayer v. Att'y. Gen. of Del.*, 81 F. App'x 429 (3d Cir. 2003) (per curiam) (non-precedential).  Therefore, he will need to complete an Application to Proceed *In Forma Pauperis* and Authorization Form.  Upon the Court's receipt of these completed forms, the Court will direct the Defendants to provide the Court with a certified copy of Mr. Jones' trust fund from May 27, 2014 through November 27, 2014.  The Court will then calculate the Mr. Jones' initial payment for the filing of this action.  Defendants will not be required to file an answer or response to the Amended Complaint until Mr. Jones either pays the filing fee or initial PLRA payment.  If Mr. Jones does not wish to pay either of these fees, he simply needs to advise the Court and his case will be dismissed without prejudice.  If Mr. Jones fails to pay the filing fee or initial PLRA payment, or fails to respond to the Court's Order, his action will be dismissed without prejudice.

An appropriate order follows.

**DATE: December 6, 2019**       /s/ A. Richard Caputo
                                 **A. RICHARD CAPUTO**
                                 **United States District Judge**