**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **BYRON JONES,** | : |
| **Plaintiff** | : |
| | : **CIVIL NO. 3:15-CV-1388** |
| **v.** | : |
| | : **(Judge Caputo)** |
| **WARDEN J.E. THOMAS**, *et al.,* | : |
| **Defendants** | : |

**M E M O R A N D U M**

On January 22, 2020, the United States Postal Service returned the Court's correspondence sent to Mr. Jones at his last known address as undeliverable. (ECF Nos. 66 and 67.) Due to Mr. Jones' failure to provide the Court with an updated address, the Court is unable to communicate with him. For the following reasons, the Court will dismiss Mr. Jones' Amended Complaint.

I. **Background**

On December 9, 2019, in the context of addressing the Defendants' motion to dismiss the Amended Complaint, the Court ordered Mr. Jones to either pay the filing fee in this matter or submit a properly signed application to proceed *in forma pauperis*. (ECF No. 64.) The Court cautioned Mr. Jones that his failure to timely comply with the Court's order would result in the dismissal of his action without prejudice. (*Id.*)

Mr. Jones' last communication with the Court was on May 5, 2019, when he notified the Court of his change of address: Brooklyn House, 104 Gold Street, Brooklyn, NY 11201. (ECF No. 56.) The Bureau of Prisons released Mr. Jones from custody on

October 11, 2019. See https://www.bop.gov/inmateloc/ (Find by Number, search 09702-058; last visited January 30, 2020).

## II.  Discussion

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the Court to dismiss an action "[i]f the plaintiff fails to prosecute" it.  The United States Supreme Court has held that "[t]he authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statue but by the control necessarily vested in the courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 631, 82 S.Ct. 1386, 1389, 8 L.Ed.2d 734 (1962).  "Such a dismissal is deemed to be an adjudication on the merits, barring any further action between the parties."  *Iseley v. Bitner*, 216 F. App'x 252, 255 (3d Cir. 2007).  Ordinarily when deciding, *sua sponte*, to dismiss an action as a sanction, a district court is required to consider, and balance six factors enumerated in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863, 868 (3d Cir. 1984).  "However, when a litigant's conduct makes adjudication of the case impossible, such balancing under *Poulis* unnecessary.  See *McLaren v. NJ Dept. of Educ.*, 462 F. App'x 148, 149 (3d Cir. 2012) (per curiam) (citing *Guyer v. Beard*, 907 F.2d 1424, 1429 – 30 (3d Cir. 1990) and *Spain v. Gallegos*, 26 F.3d 439, 454 – 55 (3d Cir. 1994)); *see also Doe v. Megless*, 654 F.3d 404, 411 (3d Cir. 2011) (the District Court did not clearly err in determining that "[b]ecause Doe's conduct makes adjudication of the case impossible, dismissal pursuant to Rule 41(b) is appropriate, even without consideration of the *Poulis* factors").

The Court notes that a *pro se* plaintiff has the affirmative obligation to keep the court informed of his address. *See* Standing Practice Order in Pro Se Plaintiff Cases, ECF No. 20; Pa. M.D. L.R. 83.18. Should a plaintiff's address change during the litigation, he is required to immediately inform the Court of such change, in writing. (ECF No. 20 at 4.) Mr. Jones was cautioned that if the Court is unable to communicate with him because he failed to notify the Court of his address, the Court would deem Plaintiff to have abandoned his lawsuit. (*Id.*)

Here, Mr. Jones has not communicated with the Court since May 5, 2019 when he notified the Court of his release from prison and change of address. (ECF No. 56.) On January 22, 2020, the Court's most recent correspondence to Plaintiff was returned as undeliverable. (ECF Nos. 66 and 67.) Mr. Jones is no longer in custody and has failed to comply with terms set forth in the Standing Practice Order and Pa. M.D. L.R. 83.18. The Court has no means to communicate with Plaintiff. It is reasonable to conclude that Mr. Jones has abandoned his lawsuit.

### III.  Conclusion

Based on the foregoing, the Court will dismiss Mr. Jones' Amended Complaint (ECF No. 51) pursuant to Fed. R. Civ. P. 41(b) and due to his failure to comply with a court order.

An appropriate order follows.

**DATE:  February 7, 2020**          /s/ A. Richard Caputo
                                                                   **A. RICHARD CAPUTO**
                                                                   **United States District Judge**